**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PEDRO EFRAIN MARTIN JIMENEZ,

Petitioner,

v.

Case No. 2:26-cv-03253-MIS-SCY

DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and WARDEN, Otero County Processing Center,

Respondents.

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Pedro Efrain Martin Jimenez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 30, 2026. The federal Respondents filed a Response on October 8, 2026 ("Response").[1] ECF No. 5. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Guatemala who has lived in the United States for many years. See Pet. at 6 (noting that he has been working and paying taxes in the U.S. for ten years). He has three children who are U.S. citizens. Id.

According to the Executive Office of Immigration Review ("EOIR")'s website, an Immigration Judge ordered Petitioner removed on August 21, 2019. It appears that Petitioner appealed the removal order, and the appeal was administratively closed on January 9, 2024. Thus, it appears that the removal order is final.[2]

On April 13, 2026, federal law enforcement officers arrested Petitioner pursuant to a Warrant for Alien Arrest.[3] See Warrant, ECF No. 5-2. He has apparently been in immigration detention ever since.[4] See Pet. at 2.

On May 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Florida. See Martin Jiminez v. Warden, Case No. 2:26-cv-01517-KCD-NPM ("First Petition"). On May 29, 2026, the court granted in part and denied in part the First Petition, ordering the Government to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a). Id., ECF No. 12.

On June 8, 2026, an Immigration Judge denied Petitioner bond, finding he was a danger to the community. See Order of the Immigration Judge, ECF No. 5-1. The Immigration Judge based

---

[2] According to EOIR's website, Petitioner filed a motion to reopen his immigration proceedings before the Board of Immigration Appeals ("BIA") on July 22, 2026.

[3] Both Petitioner and Respondents state that Petitioner was arrested on April 11, 2026, Pet. at 2; Resp. at 1, but the Warrant for Alien Arrest states that it was served upon Defendant on April 13, 2026, ECF No. 5-2.

[4] Petitioner is currently detained at the Otero County Processing Center in Chapparal, New Mexico. Pet. at 1. He was previously detained in Florida at "Alligator Alcatraz." See Martin Jiminez v. Warden, Case No. 2:26-cv-01517-KCD-NPM. It is unclear when he was transferred to New Mexico.

her findings on arrests for DUI with Property Damage/Injury arrest, DUI Enhanced and Reckless Driving, and disorderly conduct; multiple traffic infractions for speeding; and a conviction for driving on an expired license. ECF No. 5-1.

On September 30, 2026, Petitioner filed the instant Petition, arguing that his detention violates his Fifth Amendment due process rights. Pet. at 6-7.

On October 1, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which required Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Zadvydas v. Davis, 533 U.S. 678 (2001) or Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require, or will soon require, relief." ECF No. 4. On October 8, 2026, Respondents filed their Response. ECF No. 5.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that he was arrested "without formal and legal 'Warrant for Alien Arrest[,]'" Pet. at 6, and that his arrest was arbitrary and deprives him of his Fifth Amendment right to due process, id. He further appears to argue that he is neither a flight risk nor a danger. Id. at 6-7. He seeks immediate release. Id. at 7.

Respondents argue that Petitioner was arrested pursuant to a Warrant for Alien Arrest which "appears adequate[,]" and in any event, "Petitioner does not explain how an inadequate Form I-200 would infringe on his statutory or constitutional rights to an extent such that release is the appropriate remedy." Resp. at 1. They further argue that this Court lacks authority to review the Immigration Judge's discretionary bond decision, id. at 2, and Petitioner has received all of the process he is due under the Constitution, statutes, and regulations governing his detention, id.

However, Respondents did not respond to the Court's Order to specify "whether the holdings in Zadvydas v. Davis, 533 U.S. 678 (2001) or Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require, or will soon require, relief." ECF No. 4. The Court finds that their failure to properly respond to the Court's order constitutes a concession that either Zadvydas or Mardanpour require relief. Additionally, and alternatively, the Court finds that Petitioner is entitled to relief on the merits of his Petition under Zadvydas or Mardanpour.

First, to the extent Petitioner is subject to a final order of removal, he is entitled to relief under Zadvydas. Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly

"limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

Here, Petitioner has been in immigration detention since April 11, 2026—a period exceeding six months. See Pet. at 4; Resp. at 1. Accordingly, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present any evidence to rebut that showing—even though the Court explicitly ordered them to address whether Zadvydas requires relief. As such, the Court further finds that Petitioner's continued, indefinite detention violates the Immigration and Nationality Act, Zadvydas, 533 U.S. at 699, and he is therefore entitled to habeas relief.

Second, to the extent that Petitioner is not subject to a final order of removal, his prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished"

without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over six months, with no reasonably foreseeable end in sight,[5] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas, 533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De

[5] As previously mentioned, Petitioner filed a motion to reopen his immigration proceedings before BIA on July 22, 2026. Assuming arguendo that the BIA grants the motion to reopen his immigration proceedings, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." Mardanpour, 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Having found Petitioner's detention to be unlawfully excessive, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus, ECF No. 5, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Pedro Efrain Martin Jimenez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized belongings to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings,

or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE